UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEAN EDDY PIERRE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>FAMILY HEALTH CENTER OF<br>WORCESTER, INC., and<br><br>ANGUS J. MICHAELS,<br><br>    Defendants. | Civil Action No. 26-40095-MRG |

**DEFENDANT UNITED STATES OF AMERICA'S AMENDED ANSWER
TO PLAINTIFF'S COMPLAINT**

Defendant United States of America hereby files"), pursuant to Fed. R. Civ. P. 15, an amended answer to the numbered paragraphs of Plaintiff's Complaint ("Complaint") as follows:

**INTRODUCTION[1]**

1.     The introductory paragraph of the Complaint consist of Plaintiff's characterization of his action and conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

---

[1] Defendant reproduces the text of the headings in the Complaint for reference only.  To the extent that any heading contains allegations of fact or assertions of law, Defendant denies them.

**PARTIES, JURISDICTION & VENUE**

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore they are denied.

3.      Defendant admits that at all times relevant to the Complaint, Family Health Center of Worcester, Inc. ("the health center") was a deemed a Public Health Service (PHS) employee pursuant to 42 U.S.C. § 233 eligible for Federal Tort Claims Act (FTCA) malpractice coverage and that it provides funding to the health center.  Defendant denies that it operates the health center, and denies the remaining allegations contained in paragraph 3 of the Complaint.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore they are denied.

5.      Defendant admits that Angus J. Michaels ("Dr. Michaels") was an employee of Family Health Center of Worcester, Inc.  Defendant denies the remaining allegations contained in paragraph 5 of the Complaint.

6.      The allegations contained in paragraph 6 of the Complaint consists of Plaintiff's conclusions of law to which no response is required.  To the extent a response is required, the United States admits that 28 U.S.C. § 1402(b) is the statute that governs venue for this case. Defendant denies the remaining allegations contained in paragraph 6 of the Complaint.

7.      The allegations contained in paragraph 7 of the Complaint consists of Plaintiff's conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

8.      The allegations contained in paragraph 8 of the Complaint consists of Plaintiff's conclusions of law to which no response is required.  To the extent a response is required, the United States admits that Plaintiff presented an administrative claim to the Department of Health

and Human Services ("HHS") on January 16, 2025.  Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

9.      The allegations contained in paragraph 9 of the Complaint consists of Plaintiff's conclusions of law to which no response is required.  To the extent a response is required, Defendant admits Plaintiff filed an administrative tort claim with HHS on January 16, 2025. Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

10.     Admitted.

11.     Defendant admits that Plaintiff filed a request for reconsideration with HHS on June 9, 2025, and that HHS denied Plaintiff's request for reconsideration on September 30, 2025. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint and therefore they are denied.

## FACTS

12.     Defendant admits that Plaintiff presented to Family Health Center of Worcester, Inc. ("the health center") on November 20, 2024 for an annual physical examination with Dr. Angus Michaels.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint and therefore they are denied.

13.     Defendant admits that at all times relevant to the Complaint the health center was a federally qualified health center.  The remaining allegations contained in paragraph 13 of the Complaint consists of Plaintiff's conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore they are denied.

15.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore they are denied.

16.    Defendant admits that medical records indicate Plaintiff's preferred language is Haitian Creole and that an interpreter was used via telephone.  Defendant denies the remaining allegations contained in paragraph 16 of the Complaint.

17.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore they are denied.

18.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore they are denied.

19.    Admitted.

20.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore they are denied.

21.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore they are denied.

22.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore they are denied.

23.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore they are denied.

24.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore they are denied.

25.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore they are denied.

26.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore they are denied.

27.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and therefore they are denied.

28.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore they are denied.

29.    Defendant admits that Plaintiff raised concerns about Defendant Michaels' conduct and called a nurse for help on November 20, 2024.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint and therefore they are denied.

30.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and therefore they are denied.

31.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore they are denied.

32.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore they are denied. Answering further, Defendant states that the recording speaks for itself and specifically denies any allegation inconsistent with the content of the recording.

33.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and therefore they are denied. Answering further, Defendant states that the recording speaks for itself and specifically denies any allegation inconsistent with the content of the recording.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and therefore they are denied. Answering further, Defendant states that the recording speaks for itself and specifically denies any allegation inconsistent with the content of the recording.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and therefore they are denied. Answering further, Defendant states that the recording speaks for itself and specifically denies any allegation inconsistent with the content of the recording.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and therefore they are denied. Answering further, Defendant states that the recording speaks for itself and specifically denies any allegation inconsistent with the content of the recording.

37.     Admitted.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and therefore they are denied.

39.     Defendant admits a supervisor was called.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of the Complaint and therefore they are denied.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and therefore they are denied.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and therefore they are denied.

42.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and therefore they are denied.

43.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and therefore they are denied.

44.    Defendant admits a supervisor was summonsed shortly after the examination. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44 of the Complaint and therefore they are denied.

45.    Admitted.

46.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and therefore they are denied.

47.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and therefore they are denied.

48.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and therefore they are denied.

49.    Denied.

50.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and therefore they are denied.

51.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and therefore they are denied.

52.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and therefore they are denied.

## COUNTS

### COUNT I
### VIOLATION OF THE AFFORDABLE CARE ACT
### BY SEX DISCRIMINATION UNDER 42 U.S.C. § 18116
### vs.
### United States of America & Family Health Center of Worcester, Inc.

Defendant has filed a motion to dismiss Count I of Plaintiff's Complaint.  ECF No. 19–20.

Without waiving its request for dismissal of Count I, and without waiving the defenses set forth in

its motion to dismiss, Defendant responds to the allegations contained in Count I of the Complaint

as follows:

53.    Defendant reiterates and incorporates by reference its responses to paragraphs 1

through 52 of the Complaint above as though fully set forth herein.

54.    Admitted.

55.    Defendant admits that the health center receives federal funds.  Defendant denies

the remaining allegations contained in paragraph 55 of the Complaint.

56.    Denied.

57.    Denied.

### COUNT II
### NEGLIGENT HIRING AND SUPERVISION
### vs.
### United States of America & Family Health Center of Worcester, Inc.

58.    Defendant reiterates and incorporates by reference its responses to paragraphs 1

through 57 of the Complaint above as though fully set forth herein.

59.    Admitted.

60.    Denied.

61.    Denied.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint and therefore they are denied.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and therefore they are denied.

64.     Denied.

## COUNT III
## NEGLIGENCE
### vs.
### United States of America & Family Health Center of Worcester, Inc.

Defendant has filed a motion to dismiss Count III of Plaintiff's Complaint.  ECF No. 19–20.  Without waiving its request for dismissal of Count III, and without waiving the defenses set forth in its motion to dismiss, Defendant responds to the allegations contained in Count III of the Complaint as follows:

65.     Defendant reiterates and incorporates by reference its responses to paragraphs 1 through 64 of the Complaint above as though fully set forth herein.

66.     Admitted.

67.     Denied.

68.     Denied.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### vs.
### United States of America & Family Health Center of Worcester, Inc. & Angus J. Michaels

Defendant has filed a motion to dismiss Count IV of Plaintiff's Complaint.  ECF No. 19–20.  Without waiving its request for dismissal of Count IV, and without waiving the defenses set forth in its motion to dismiss, Defendant responds to the allegations contained in Count IV of the Complaint as follows:

69.     Defendant reiterates and incorporates by reference its responses to paragraphs 1 through 68 of the Complaint above as though fully set forth herein.

70.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and therefore they are denied.

71.     Denied.

## DAMAGES

Defendant reiterates and incorporates by reference its responses to paragraphs 1 through 71 of the Complaint above as though fully set forth herein.

72.     Denied, including the allegations contained in subparagraphs (a) through (c).

## PRAYER FOR RELIEF

This unnumbered paragraph of the Complaint states Plaintiff's prayer for relief to which no response is required.  To the extent a response is required, Defendant denies the allegations and denies that Plaintiff is entitled to any such relief.

## JURY DEMAND

Defendant denies that Plaintiff is entitled to a jury trial as to his claims against the United States.  *See* 28 U.S.C. § 2402.

## GENERAL DENIAL

Defendant expressly denies each and every allegation not specifically admitted, denied or otherwise qualified in this Answer.

## DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's Complaint must be dismissed for lack of jurisdiction.

3.      To the extent that any of Plaintiff's claims were not the subject of an administrative tort claim or were not properly presented to the appropriate federal agency, the Court lacks jurisdiction over those claims which must be dismissed.  28 U.S.C. § 2675(a).

4.      To the extent Plaintiff's claims are based on allegations that were not timely presented in the administrative process, any such claims must be dismissed for failure to exhaust administrative remedies.

5.      Pursuant to 28 U.S.C. §§ 2675 and 2679, Plaintiff's exclusive remedy for a tort claim against an employee of the United States acting within the scope of employment is an action against the United States under the Federal Tort Claims Act.

6.      To the extent Plaintiff's claims are based upon the exercise or performance or failure to perform a discretionary function or duty, they are barred by the discretionary function exception of the FTCA.  28 U.S.C. § 2680(a).

7.      The United States, through its employees, agents and servants, acted at all relevant times with due care and diligence; therefore, Defendant did not breach any actionable duty owed to Plaintiff.

8.      The injuries or damages, or both, alleged in the Complaint were neither caused in fact nor proximately caused by the negligent act or omission of any employee of the United States acting within the scope and course of employment.

9.      In the event the United States is found negligent, which negligence Defendant denies, such negligence is not the cause in fact or proximate cause of the alleged damages suffered by Plaintiff.

11

10.     In the event the United States is found negligent, which negligence Defendant denies, others were negligent and responsible for Plaintiff's injuries, and Defendant may only be held liable for its proportional share of the fault, if any.

11.     Any injuries or damages sustained by Plaintiff were due, in whole or in part, to the actions or omissions, negligent or otherwise, of Plaintiff or others, known or unknown, over whom the United States exercised no supervision or control.

12.     Plaintiff's damages, if any, are limited to damages recoverable under 28 U.S.C. § 2674 and under Massachusetts law and may not include punitive damages against the United States.

13.     Plaintiff's damages, if any, are limited to the amount set forth in the administrative claim, as required by 28 U.S.C. § 2675(b).

14.     Plaintiff is not entitled to prejudgment or post-judgment interest from the United States.  28 U.S.C. § 2674.

15.     Plaintiff's attorney's fees, if any, are limited to twenty-five percent of any judgment rendered or settlement made and are not to be awarded separately but are to be paid out of the amount of any judgment or settlement.  28 U.S.C. § 2678.

16.     In the event that the United States is found negligent, which negligence Defendant denies, any recovery is subject to the Health Resources and Services Administration's availability of funds.  42 U.S.C. § 233(k).

17.     The United States is entitled to a setoff or deduction from any damages recoverable by Plaintiff for any benefits payable with federal funds under any federally-funded program including, but not limited to, TRICARE, MEDICAID, SOCIAL SECURITY DISABILITY, and MEDICARE, in the past, present, or future.

18.      To the extent that the substantive law of Massachusetts has limitations (statutory or common law) on Plaintiff's cause of action or damages, Plaintiff's claims are subject thereto.

19.      To the extent Plaintiff is entitled to any recovery, which Defendant denies, he may recover only once for any alleged wrong.

20.      The United States is entitled to the limitation of tort liability for claims pursuant to Massachusetts General Laws, chapter 231, section 85K.

21.      Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a trial by jury against the United States.

22.      Defendant has, or may have, additional affirmative defenses that are not now known to the Defendant but may be ascertained through discovery. Defendant specifically preserves those and other affirmative defenses as they are so ascertained.

WHEREFORE, Defendant, United States of America, respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, enter judgment in its favor, and grant any further relief as the Court deems just and appropriate.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    */s/ Eve A. Piemonte*
       Eve A. Piemonte
       Assistant United States Attorney
       United States Attorney's Office
       John J. Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA  02210
       (617) 748-3369

Dated: July 27, 2026       Eve.Piemonte@usdoj.gov